IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michael D. Head | ) |
| | ) CASE NO 22 CV 5133 |
| | ) |
| Plaintiffs, | ) |
| vs. | ) |
| Keystrokes Transcription Service Inc., | ) |
| And | ) |
| Lee Marie Tkachuk | ) |
| as an individual | ) |
| under the FLSA and Illinois Wage Laws | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) **ON ALL COUNTS** |
| Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, Michael Head, individually and, by and through his undersigned counsel of record, upon personal knowledge as to those allegations in which he so possesses and upon information and belief as to all other matters, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA"), the Illinois Minimum Wage Law 820 ILCS 105/1 *et seq* (hereinafter "IMWL" ) and the Illinois Wage Payment and Collection Act (IWPCA) and brings this cause of action against Defendant Keystrokes Transcription Service Inc (hereinafter referred to as "Keystrokes" or "Corporate Defendant")  and against Defendant Lee Marie Tkachuk (hereinafter referred to as "Tkachuk") and in so doing states the following:

**NATURE OF THE ACTION**

1. Plaintiff, Michael Head, alleges individually and on behalf of himself, that he, under both federal and state wage laws, is entitled to be paid for all hours worked and to

1

receive minimum wage and overtime wages for all hours worked and/or receive time and half for all hours worked over forty (40) hours per week.

2. Plaintiff Michael Head also brings an individual claim for his last paychecks for the dates of 2/20/22 to 4/29/22, under FLSA, IMWL and Illinois Wage Payment and Collection Act (IWPCA), Plaintiff is owed for approximately 9 weeks of work for which Plaintiff received no wages despite working approximately 400 hours in this period of time.

3. Plaintiff also brings claims for Defendants failure to pay wages on a timely basis, pursuant to the FLSA, IMWL and IWPCA.

4. In addition to the owed wages, due to Defendants' violations of the relevant wage laws additional and substantial penalties have accrued including Liquidated Damages, Treble Damages, 5% per month IMWL penalties, 5% per month IWCPA penalties, prejudgment interest, fees and costs.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 based on 29 U.S.C. 216(b) known as the Fair Labor Standards Act.

6. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1332 and 1367 and Plaintiff seeks application of the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL")Illinois Wage Payment and Collection Act 820 ILCS 115/1 *et seq.* (West 2002))("IWPCA" ).

7. The Court is authorized to issue a declaratory judgment.

8. Venue is proper in this Court.

9. Defendant does business and is a resident of this District and Division of Federal Court.

10. Defendant Keystrokes Transcription Service Inc., is a medical transcription service that receives business and income that traveled in commerce from state to state.

## FACTS REGARDING THE PLAINTIFF

11. Plaintiff, Michael Head, is a resident of the State of Illinois and a former employee of the Defendants.

12. Plaintiff was employed by Defendants for over ten years, beginning in 2011, as a software developer.

## DEFENDANT CORPORATE FACTS

13. Defendant Keystrokes Transcription Service Inc is a corporation or businesses which does business in Illinois and that handles foods and other items in the stream of commerce.

14. Upon information and belief Keystrokes Transcription Service Inc., had sales in excess of $500,000 each year for the last three years.

**ADDITIONAL JURISDICTION IS ESTABLISHED VIA ENGAGEMENT IN COMMERCE BY DEFENDANTS**

**DEFENDANTS ARE ENTERPRISES THAT REGULARLY AND RECURRENTLY HAVE AT LEAST TWO EMPLOYEES ENGAGED IN COMMERCE**

**AND/OR INDIVIDUAL FLSA JURISDICTION**

15. Defendants are enterprises that regularly and recurrently have at least two employees engaged in commerce.

16. Each of the Defendants, all Defendants, are enterprises that regularly and recurrently have at least two employees engaged in commerce, this engagement in commerce includes but is not limited to the sale of retail items to customers of the tanning salons and/or the general public.

17. The Defendants receive and transmit medical information from Illinois to other states.

18. Further Plaintiff engaged in commerce via processing of software and other payment methods and transmittal of those transactions from state to state, the Plaintiff engaged in commerce.

19. "*all* of the employer's employees are covered under [FLSA] as long as at least *some* handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce." **Jones v. E. Brooklyn Security Services Corp.,** No. 11-CV-1021, 2012 WL 3235784, at *4 (E.D.N.Y. Aug. 7, 2012) (quoting 29 U.S.C. § 203(s)(1)(A)).

20. Courts have found this element satisfied where employees "merely handled supplies or equipment that originated out-of-state." **Rodriguez v. Almighty Cleaning, Inc**., 784 F.Supp.2d 114, 354*354

21. Here Plaintiff used computers, software and office supplies that moved in interstate commerce.

4

## STATEMENT OF FACTS

**A.    DEFENDANTS policies and procedures and Compensation Practices fail to pay overtime wages for overtime work hours and/or pay proper overtime rate of pay and/or Minimum Wage of the Plaintiff**

22. Plaintiff was employed by DEFENDANTS as a salaried employee and he worked beyond forty hours, but for which Defendants failed to pay overtime at the proper and correct rate of pay.

23. Plaintiff worked as an exempt employee.

24. Plaintiff worked typically 50 hours each and every week and worked 400 hours in the last nine weeks of work, for which Plaintiff received zero compensation.

25. Plaintiff's yearly salary was $97,800.00 per year.

26. While Plaintiff was classified as a salaried employee, that classification was lost by Defendants when Defendants failed to pay Plaintiff the required salary to maintain a claim of salary exemption.

27. To maintain a salary exemption, an employer is required to pay a minimum of $455.00 in salary every week.

28. Here from 2/20/22 to 4/29/22 Plaintiff was paid nothing; thus the exemption is lost, thus Plaintiff is owed minimum wages under FLSA and IMWL as well as overtime wages for the same time period.

29. Additionally, pursuant to the IWPCA, Defendants and Plaintiff had an IWPCA Agreement that Plaintiff would be paid a weekly salary.

30. That weekly salary was based on Defendants offer and Plaintiff's acceptance of payment of $97,800.00 per year, and by failing to pay Plaintiff for the

promised/agreed salary from 2/20/22 to 4/29/22, Defendant violated that IWPCA Agreement to pay an agreed salary.

31. Additionally, pursuant to the FLSA, IMWL and IWPCA Defendants are required to pay owed wages on a time basis.

32. Here Plaintiff worked approximately 400 hours in the weeks from 2/20/22 to 4/29/22, and at no time in those nine weeks was Plaintiff paid for his work time/salary; thus Defendants violated the FLSA, IMWL and IWPCA timely payment requirements.

33. Specifically the IWPCA requires payment of wages within 13 days of the end of the pay period.

34. Here Defendants failed to pay Plaintiff within 13 days of the end of mulitple pay periods.

35. For example in the weeks of 2/20/22 to 3/5/22, the Defendants were required to pay Plaintiff his Agreed-to wages on 3/18/22, yet Defendants did not pay on 3/18/22 or any day since; thus Defendants violated the 13 day pay requirement found in the IWCPA.

36. The same failure to pay is also a violation of the FLSA and IWML timely payment requirements.

37. Additionally, Plaintiff also brings claims for failure to pay on a timely basis for the entire statutory period, as Defendants had a practice of failing to pay on a timely basis on a frequent basis.

38. Thus under the FLSA, Defendants failure to pay on a timely basis applies for a minimum of two years, and three years based on the willful violation of the pay requirement.

39. Under the IMWL the failure to pay on a timely basis would automatically apply for three years.

40. Lastly, the IWPCA failures to pay would apply for five years for oral promises of payment, and ten years for written promises of payment.

41. It is Defendants practice, on numerous occasions, to fail to make payments for Plaintiff's salary for weeks or months, and then "catch-up" the payments later, however, such late payments are still a violation, despite the eventual payment of the owed wages.

42. The failure to pay on a timely basis, despite the makeup payments, still are violations of the FLSA, IMWL and the IWPCA, which require payment of related penalties, such as Liquidated Damages, 5% monthly penalties and treble damages.

43. Defendants also failed to maintain time records of the Plaintiff's work hours, allowing Plaintiff's to estimate his work hours for which he is owed wages.

44. The Defendants' unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting all Defendants' employees.

45. Defendants' consented, were knowledgeable of that they were paying the overtime rate of pay incorrectly.

46. This is a FLSA violation because the Plaintiff worked beyond forty (40) hours, thus Plaintiff is owed time-and-half of his <u>regular pay</u> for ALL hours beyond 40.

7

47. Further this also a violation of the Plaintiff's rights under Illinois Minimum Wage law and Illinois over-time wage law and IWPCA.

48. The FLSA defines the "regular rate" as all remuneration for employment paid to or on behalf of the employee, before any deductions from wages are made. (See 29 U.S.C. §207(e); 29 C.F.R. §778.109.)

**DEFENDANTS' Actions were Willful, Knowledgeable and/or Had Reckless Disregard for FSLA Regulations**

49. DEFENDANTS required and permitted Plaintiffs to work more than 40 hours in a week and/or paid under minimum wages.

50. DEFENDANTS unlawful conduct has been uniform, widespread, repeated and consistent.

51. Defendants' willful violations are especially demonstrated by their knowledge that its employees were not paid the correct rate of pay.

52. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law and permitted under Federal Law, Illinois Law and other state laws.

53. All allegations plead herein are plead with personal knowledge as to those allegations to which Plaintiff has such knowledge and based upon "information and belief" as to all other allegations.

**FIRST CLAIM FOR RELIEF**
**Individual Claims Against Defendants**
**Under the Illinois Minimum Wage Law "IMWL"**

54. Plaintiff reallege and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

55. Plaintiff was an employee of the Defendants pursuant to the IMWL.

56. Plaintiff was employed by DEFENDANTS as an employee.

57. It is a policy, procedure and job requirement of DEFENDANTS to pay its employees less than minimum wage and/or not pay overtime rate of pay for overtime hours of work.

58. The Defendants unlawful conduct was and is not inadvertent, de minimis, isolated or sporadic, but widespread, repeated and part of a pattern and practice of conduct affecting most if not all of the Defendants' employees.

59. As a result of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial.

60. Illinois law contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS 105/12(a).

61. Defendants employed more than four employees during the relevant periods of time.

## SECOND CLAIM FOR RELIEF

### (FLSA Claims, 29 U.S.C. § 201 et seq.)

62. Plaintiff realleges and incorporate by reference all the preceding paragraphs, as if fully set forth herein.

63. At all relevant times, DEFENDANTS has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant

times, Defendants has employed, and continues to employ, "employee[s]," including the Plaintiff, that have been, and continue to be, engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants has had gross operating revenues in excess of Five Hundred Thousand and no/100 Dollars ($500,000.00).

64. At all relevant times, Defendants has engaged, and continue to engage, in a willful policy, pattern, or practice of requiring their employees, including the Plaintiffs to work in excess of forty (40) hours per week without compensating such employees to pay its employees at a proper overtime rate of pay.

65. At all relevant times, the work performed by employees including the Plaintiffs employed at Defendant were, and continue to be, required or permitted by Defendants, for the benefit of Defendants, directly related to such employees' principal employment with Defendants, and as an integral and indispensable part of such employees' employment of Defendants.

66. As a result of the Defendants willful failure to record or compensate its employees– employed by Defendant for all hours worked, Defendant has violated, and continues to violate, the maximum hours provision of the FLSA, 29 U.S.C. § 207(a)(1), and § 215(a).

67. As a result of the Defendants willful failure to record, report, credit, and/or compensate its employees employed by Defendant, including the Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and

practices of employment in violation of the FLSA, including 29 U.S.C. §§211(c) and §§ 215(a).

68. The foregoing conduct, as alleged, violated the FLSA, 29 U.S.C. §§ 201 et seq.

69. Plaintiff seeks damages in the amount of his respective unpaid compensation, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

70. Plaintiff seek recovery of attorneys' fees and costs of action to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

71. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA.

72. At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce and/or Defendants are/were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

73. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants their unpaid compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b)§ 6 of the Fair Labor Standards Act, 29 U.S.C.A. § 206, 9 FCA title 29, § 206, provides that every employer shall pay to each of his employees who is engaged in interstate or foreign commerce or in the production of goods for such commerce, wages at specified hourly rates.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually pray for the following relief:

A. Unpaid wages and liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting an Illinois Department of Labor and United States Department of Labor regulations;

B Unpaid regular wages, and overtime wages pursuant to the IMWL, IWPCA and other state wage laws;

C. Compensation originating from DEFENDANTS company policies, contractual obligations and ERISA requirements owed as a result of unpaid overtime wages;

D. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

E. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting Illinois Department of Labor regulations and other state wage laws;

F. Attorneys' fees and costs of this action in accordance with FLSA and Illinois Wage Laws; and

G. Consequential damages;

H. and costs of this action; and

I. Such other relief as this Court shall deem just and proper.

**Claims for wages and benefits due
Under the
Illinois Wage Payment and Collection Act ( the IWPCA)**

74. Plaintiff realleges and incorporates by reference all the paragraphs in this complaint, as if fully set forth herein.

75. This cause of action arises out of IWPCA Agreements, written and oral and statutory requirements.

76. Plaintiff worked for and was employed by Defendants.

77. Defendant failed to pay earned wages and owed pay and benefits as alleged in this complaint.

78. For public policy reasons, 'an employee shall receive all benefits upon leaving earned his/her employer'.

79. The Illinois Wage Act 820 ILCS 115/1 et seq. (West 2002), section 5 states "Every Employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

80. Plaintiff was not an independent contractor, rather were employees of the Defendants by oral IWPCA Agreement and/or written contract.

81. Plaintiff's employment was in the usual course of business for which such service was performed.

82. Plaintiff did not have a proprietary interest in the Defendant.

83. The Defendants' are "employers" under the terms of the IWPCA section 2.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court enter judgment in his favor as follows:

A. Unpaid wages and liquidated damages pursuant to IWPCA and IMWL and the supporting Illinois Department of Labor regulations;

B. Liquidated damages in accordance with the IWPCA and IMWL.

C. Unpaid salary, and/or regular wages, and overtime wages pursuant to the IWPCA;

D. Consequential damages;

E. An injunction requiring Defendants to pay all statutorily-required wages pursuant to Illinois Law;

F. Additional compensation/penalty due to the Plaintiff in accordance with Section 14(b) of the IWPCA in the amount of 2% per month;

G. Issuance of a Declaratory Judgment that the practices complained of in this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq* and supporting Illinois Department of Labor regulations;

H. Attorney fees in accordance with the IWPCA;

I. and costs of this action; and

J. Such other relief as this Court shall deem just and proper

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 21, 2022                Respectfully submitted,


By:     -S-John C. Ireland
        John C. Ireland

        Attorney for the Plaintiff

The Law Office Of John C. Ireland
636 Spruce Street
South Elgin ILL  60177
 630-464-9675       Facsimile 630-206-0889                attorneyireland@gmail.com